***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employer-employee relationship existed between defendant and plaintiff on or about July 4, 2000, the date of the compensable injury reflected on I.C. File Number 143955. *Page 2 
2. At all relevant times, defendant-employer regularly employed three or more employees and was bound by the North Carolina Workers' Compensation Act.
3. A Form 22 Wage Chart is stipulated to by the parties, which indicates an average weekly wage of $593.33, resulting in a weekly compensation rate of $397.57.
4. Plaintiff suffered a compensable injury by accident on July 4, 2000.
The following were marked and received into evidence as:
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Medical Records
3. Plaintiff's Exhibit Number 1, canceled check to plaintiff dated January 3, 2003.
4. Plaintiff's Exhibit Number 2, plaintiff's medical bill from Dr. Chewning
5. Plaintiff's Exhibit Number 3, plaintiff's medical bill from Iredell Memorial Hospital.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 55 years old. Defendant-Employer employed plaintiff as a plaster and drywall finisher for more than 20 years.
2. On July 4, 2000, plaintiff sustained a compensable back injury while attempting to remove a sink from a wall. On May 19, 2004, the Full Commission entered an Opinion and Award finding that plaintiff's subsequent hernia was the direct and natural consequence of the *Page 3 
July 4, 2000 primary compensable injury. Defendants were ordered to provide plaintiff with medical treatment designed to effect a cure or give relief for his abdominal hernia.
3. On August 6, 2003, plaintiff underwent a ventral hernia repair performed by Dr. B. Victor Olowofoyeku. After initially making a 5 cm incision above plaintiff's umbilicus, Dr. Olowofoyeku explored plaintiff's peritoneal cavity through the limited incision. During the exploration, Dr. Olowofoyeku discovered a thickened gallbladder with adhesions. A decision was made to remove the gallbladder at the same time and the 5 cm incision was extended to the xiphoid process or lower part of the sternum to reach plaintiff's gallbladder area.
4. On October 14, 2003, plaintiff returned for post-operative treatment with Dr. Olowofoyeku. It was noted that the hernia had healed without evidence of recurrence.
5. Following his hernia repair, plaintiff remained out of work due to his compensable back injury. On July 8, 2004, plaintiff sought medical treatment with Dr. Olowofoyeku for complaints of hernia symptoms after recent coughing spells. Plaintiff also reported that he had recently been diagnosed with asbestosis. Dr. Olowofoyeku diagnosed a recurrent ventral hernia and performed a second hernia repair surgery on July 12, 2004. After the second hernia surgery, plaintiff experienced a bowel obstruction, which resulted in an additional surgery on July 19, 2004.
6. Dr. Olowofoyeku related the second hernia to the first hernia repair surgery. It is Dr. Olowofoyeku's opinion that, "without the first surgery he would perhaps never have needed the second surgery." According to Dr. Olowofoyeku removing the gallbladder during the first hernia repair did not have any affect on the second hernia.
7. Dr. Thomas B. McElwee reviewed plaintiff's medical records for his two hernias, including surgical notes and the results of diagnostic testing. According to Dr. McElwee once *Page 4 
the hernia has been repaired and healed, the hernia no longer exists. Dr. McElwee noted that the second hernia appeared in a different location than the previous umbilical hernia. Dr. McElwee opined that the second hernia developed as the result of having to extend the incision to the breastbone to remove plaintiff's gallbladder during the first hernia repair. Dr. McElwee's opinion is based on the fact that as of October 14, 2003, plaintiff's umbilical hernia was healed with no signs of recurrence. Plaintiff's subsequent hernia is a new injury and not a continuation of the initial hernia, which developed as a result of the July 4, 2000 injury by accident. The undersigned assign more weight to the medical opinion of Dr. McElwee. Therefore, the undersigned find that the subsequent hernia, which was repaired in August 2004, was not the direct and natural result of the prior compensable injury.
8. On January 8, 2006, Dr. Samuel Chewning, who has been treating plaintiff's back injury, recommended plaintiff participate in a course of physical therapy. Dr. Chewning released plaintiff to return to sedentary work until his follow-up appointment. On February 15, 2006, Dr. Chewning wrote plaintiff completely out of work until he could perform other diagnostic testing and treatment. Dr. Chewning also indicated that as of February 15, 2006, plaintiff has not reached maximum medical improvement. As of the date of the hearing before the Deputy Commissioner, plaintiff had not yet returned to work.
9. Plaintiff is still receiving medical treatment for his compensable back injury and has not been released at maximum medical improvement by his treating physician. Plaintiff has failed to meet his burden that he is permanently and totally disabled.
10. Plaintiff has incurred out-of-pocket expenses related to his compensable back injury and hernia resulting from the July 4, 2000 injury by accident and is entitled to *Page 5 
reimbursement for said expenses from defendants after providing adequate documentation, including supporting medical documentation.
11. Defendants reasonably defended this matter and no attorney's fees are warranted.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable umbilical hernia as a result of the July 4, 2000 injury by accident. N.C. Gen. Stat. § 97-18(d). This hernia was surgically repaired and did not exist after plaintiff recovered from the surgery. The subsequent hernia, which was diagnosed in July 2004, was a new injury, was in a different location than the first hernia, and was not the direct and natural consequence of the initial hernia.
2. Plaintiff has failed to establish that he is permanently and totally disabled due to his compensable July 4, 2000 injury. N.C. Gen. Stat. § 97-29.
3. As a result of his compensable July 4, 2000 injury by accident, Plaintiff is entitled to ongoing total disability benefits payable at the rate of $397.57 per week and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
4. Good cause exists for the granting of plaintiff's motion to authorize physical therapy treatment regarding plaintiff's back injury with Union Regional Medical Center's Rehab Center and the same should be granted. N.C. Gen. Stat. § 97-25.
5. The hearing of this matter was not unreasonably defended, and therefore, no attorney's fees should be assessed pursuant to N.C. Gen. Stat. § 97-88.1.
 *********** *Page 6 
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for medical benefits related to his second hernia is hereby denied.
2. Defendants shall pay plaintiff ongoing total disability compensation for plaintiff's compensable back and hernia injuries at the rate of $397.60 continuing until further order of the Industrial Commission.
3. Union Regional Medical Center's Rehab Center is approved as plaintiff's physical therapy provider.
4. Plaintiff shall provide copies of all invoices and supporting medical documentation related to the compensable back injury and compensable hernia from medical providers and his group health insurance plan to defendants within 60 days of the date of this Opinion and Award. Upon receipt of the invoices, defendants shall promptly issue payment for any out-of-pocket expenses incurred by plaintiff related to his compensable back and hernia injuries.
5. Defendants shall pay the costs of this action.
 *********** ORDER
Plaintiff filed a Motion for Approval of a Surgical Procedure as recommended by Dr. Chewning to which defendants' peer review physicians objected. An IME spine specialist declined to evaluate plaintiff because he determined plaintiff should not be eligible for disc replacement due to plaintiff's previous fusion. *Page 7 
In review of the foregoing, defendants are hereby ORDERED to authorize and pay for an Independent Medial Evaluation with a physician that the parties can agree upon to be conducted as soon as possible so that the chosen physician can provide his or her recommendation for the further course of plaintiff's treatment, including whether plaintiff should undergo further surgery and, if so, what type. Prior to the evaluation, defendants shall provide the chosen physician with copies of all relevant medical records and diagnostic studies, including the medical records and opinions of each physician that has opined on whether and what type of surgery plaintiff should undergo.
This the 20th day of February 2007.
 S/________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1